UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth S. Taylor, | : | Case No. 1:09CV0730 |
| | : | |
| Plaintiff | : | Judge Donald C. Nugent |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Cavaliers Operating Company, LLC, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants | : | |

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part that a claim for relief is to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

While it is true that pro se pleadings are construed more liberally than those filed by attorneys there are limits, and the plaintiff's original seventy page complaint[1] against sixteen defendants (some of them clearly not a legal entity) with ninety-three pages of exhibits and a micro cassette audio tape unquestionably stretched those limits.

The scope of the claims asserted in that complaint was significantly altered by District Judge Nugent's decision, entered on June 19, 2009 prior to referral of this action to this Court for general pretrial supervision, by virtue of which: (1) the plaintiff's claims against the Cavaliers Operating Co., Quicken Loans Arena, Daniel Gilbert, Michael Sims, the Cleveland Cavaliers, the Cleveland

---

[1] Inexplicably that pleading shifts from numbered to alphabetical pagination at page forty-four, continuing with pages ss to qqq.

Police Department, Officer Russell, Officer Gingell and Tennables Protective Services, Inc. were all dismissed; (2) the plaintiff's First Amendment claim was dismissed against all defendants other than the City of Cleveland, John Doe Officers and Officers Eckstein and Hefferman; (3) the plaintiff's Equal Protection claim was dismissed against all defendants except the City of Cleveland and the John Doe Officers; (4) the plaintiff's Due Process claim was dismissed against all defendants except the City of Cleveland; (5) the plaintiff's Fourth Amendment claim was dismissed against all defendants other than Captain Hefferman, Officer Eckstein and the John Doe Officers; (6) the plaintiff's claim under 42 U.S.C. §1981 was dismissed against all defendant's other than the City of Cleveland and the John Doe Officers; and (7) all claims under 18 U.S.C. §242, 42 U.S.C. §1985 and O.R.C. §4112.02 were dismissed.

When the action reached this Court serious consideration was given by this Court to sua sponte issuing an order requiring the plaintiff to file an amended complaint conforming with Judge Nugent's ruling, directed only against the defendants remaining as a result thereof.

The plaintiff, however, has relieved this Court from taking that action on its own initiative by the filing of a "motion for certified leave to file first amended compliant [sic]" in order to "fix and repair any defects in Pleadings and cure any causes of actions [sic] that fail to state claims on [sic] which relief may be granted."

While undoubtedly there are defects in the complaint which must be cured, as is clear from Judge Nugent's Order of July 17, 2009 denying "Plaintiff's Motion in Opposition of Judges [sic] Order Dismissing Claims Under Sua Sponte, 1983, Respondeat Superior, and Principal Cupable [sic] Defendants Be Vacated [sic]" there are no causes of action which were dismissed for failure to state a claim upon which relief can be cured.

Therefore, this Court will provisionally grant the plaintiff's motion, and order him to present an amended complaint which is reflective of the June 19, 2009 ruling of District Judge Nugent and which conforms with the spirit of Rule 8(a)(2), which means that it shall outline the plaintiff's claims for relief without the hyperbole and argumentative averments of the initial complaint and without the exhibits and attachments thereto.[2]

That pleading shall be submitted under a motion for leave to file first amended complaint within twenty days hereof.  If this Court finds the pleading to be in compliance with this ruling such leave will be granted, and the plaintiff will be directed to proceed to effectuate service upon the remaining defendants.  If, on the other hand, this Court concludes that the pleading fails to conform with the legal boundaries established by Judge Nugent's ruling or that it is once again an overblown recitation inconsistent with Rule 8(a)(2) this Court will recommend to Judge Nugent that as a sanction leave to file that complaint be denied and the action terminated, without prejudice.

**IT IS SO ORDERED.**


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   July 31, 2009

---

[2] If those exhibits and attachments are the only ones available to the defendant he may, under this ruling, recover them from the Clerk of Courts.